**CABEBE v. ACHESON, Secretary of State of the United States.**

**Civ. No. 908.**

United States District Court
D. Hawaii.
June 23, 1949.

Y. Fukushima, Honolulu, T. H., Sau Ung Loo Chan, Honolulu, T. H., N. W. Y. Char, Honolulu, T. H., for plaintiff.

Ray J. O'Brien, U. S. Atty., District of Hawaii, Kenneth E. Young, Asst. U. S. Atty., District of Hawaii, Howard K. Hoddick, Asst. U. S. Atty., District of Hawaii, Honolulu, T. H., for respondent.

McLAUGHLIN, Judge.

By this suit brought under 8 U.S.C.A. § 903 for a declaratory judgment, the petitioner seeks to have the court declare him to be today a "national of the United States" and thus enable him to procure a passport to go to Guam, which the State Department has denied him on the ground he is not a United States citizen, though such was not the basis of his application.

During the course of argument it developed that petitioner also had pending in this court a petition for naturalization in which he alleged under oath that he was a citizen of the Republic of the Philippines. To remove the inconsistency and because it appeared that his naturalization petition would not be successful in the face of a moral turpitude charge, the petitioner during an interruption in this case withdrew his naturalization petition.

The facts are not disputed. Reduced to their essence they are sufficiently reflected in this statement of the issue: Is not one who became by birth in 1910 in the Philippine Islands a national of the United States and who has at all times since 1930 resided permanently in Hawaii, still a national of the United States despite the fact that the Republic of the Philippines came into existence as an independent nation in 1946?

Petitioner's argument, based to a degree upon emotion and hardship, is:

1. Congress had no power to cause Filipino nationals of the United States residing in the United States to lose their status as such. Granting independence to the Philippine Islands and changing the status of Filipinos in the Philippine Islands may have been all right and within the power of Congress, but Congress had no power to alter the status of Filipino nationals permanently resident in the United States against their wishes.

2. Petitioner's status as a national was and is a vested right which it was beyond the power of Congress to take from him

640

by reducing him to the lowly status of an alien. Here reliance is had upon the First, Fifth, and Eighth Amendments and to § 8 of Art. 1 of the Constitution by language which sounds in terms of lost freedom of speech (Petitioner argues he can no longer say, "I am an American.") and cruel and abusive punishment.

The contentions are ingenious and emotional but as indicated in the oral decision wholly without legal merit.

 Petitioner to be sure was a national of the United States. But whether he likes what his people asked to be allowed to do and did with the approval of the United States or not, he has not been able since the coming into being of the new nation, the Republic of the Philippines, to qualify under our laws as a national of the United States. Upon the date when the Republic of the Philippines became a free and independent nation the foundation for petitioner's claim to being a national of the United States vanished. On that date, too, by Article IV of the constitution of the new republic petitioner became a citizen thereof and to it owed allegiance. Prior thereto he had been a national of the United States only because the place where he was born belonged to the United States as a possession. When that fact no longer obtained—whether he liked it or not—petitioner could no longer qualify under the conditions of § 501(b) of Title 8, which provides that

"The term 'national of the United States' means (1) a citizen of the United States, or (2) a person who, though not a citizen of the United States, owes permanent allegiance to the United States. It does not include an alien."

Section 604 avails not the petitioner for that pertains to how one becomes a national. Section 501 controls as to whether or not at any given time one still is a national. No longer does petitioner owe allegiance to the United States, and he is now an alien.

 I entertain not the slightest doubt that petitioner is now and has been since July 4, 1946, an alien and that his prior status as a national gave him no vested right. His status as such was beyond his control in so far as it was susceptible of being altered—as it was—by the actions of the Government of the United States and of the Republic of the Philippines.

The prayer is denied and the petition dismissed.